### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Montgomery Ward, LLC, *et al.*,<br>                                  Debtor. | Bk. No. 00-4667(KG)<br><br>Chapter 11<br><br>Adv. Nos. 02-9282(RTL) |
| Montgomery Ward, LLC, *et al.*, Debtor in Possession,<br><br>                                  Plaintiff,<br>vs.<br><br>OTC International, Ltd.,<br><br>                                  Defendant. | |

## RECORD AND ISSUES ON APPEAL
## PURSUANT TO BANKRUPTCY RULE 8006

Montgomery Ward, LLC, *et al.*, Debtor in Possession ("Debtor" or "Wards" or "Plaintiff"),  by and through its attorneys, hereby provides the following designations of items to be included in the record on appeal and statement of the issues to be presented.

**RECORD ON APPEAL**

1.   Wards' Complaint dated September 25, 2002.

2.    OTC International, Ltd.'s ("OTC" or "Defendant") Answer to Wards' Complaint dated December 31, 2002.

3.   OTC's Motion to Consolidate Common Issues of Fact and Law for Trial filed September 21, 2004.

4.   Wards' Brief in Opposition to Motion to Consolidate Common Issues of Fact and Law  for Trial filed October 13, 2004.

5.   Bankruptcy Court's Order Consolidating Common Issues of Fact and Law for Trial dated December 15, 2004.

6.   Transcript of Telephonic Hearing held August 9, 2005.

7.   Wards' (Proposed) Findings of Fact and Conclusions of Law filed August 16, 2005.

8.   OTC's (Proposed) Findings of Fact and Conclusions of Law filed August 16, 2005.

9.   The Joint Pre-Trial Order filed July 11, 2006.

10.  Wards' Trial Exhibits P1 through P76 (all of Wards' trial exhibits).

11. Wards' Designation of Deposition Excerpts for Trial Record filed July 17, 2006.

12. OTC's Trial Exhibits D1 through D28 (all of OTC's trial exhibits).

13. Transcript of trial proceedings held August 18, 2005 and August 19, 2005.

14. Transcript of trial proceedings held July 19, 2006 and July 20, 2006.

15. Bankruptcy Court's ORAL DECISION issued on September 8, 2005.

16. Bankruptcy Court's ORDER entered on September 12, 2006.

17. Bankruptcy Court's OPINION issued on September 12, 2006.

## ISSUES TO BE PRESENTED ON APPEAL

1. Whether the Bankruptcy Court erred when it concluded that the allegedly preferential payments were made in the ordinary course of business or financial affairs of Wards and OTC pursuant to 11 U.S.C. § 547(c)(2)(B)[1]:

(a) despite uncontroverted evidence that said payments followed a change in terms from 60 days to 30 days on the eve of the preference period and such terms compression resulted in a substantial acceleration of payments to OTC so that OTC received cash 30 days quicker, which terms compression and payment acceleration had never before occurred between the parties at any time when Wards was in a healthy financial condition; and

(b) based upon a days past due analysis as opposed to days to pay analysis because the days past due analysis normalized the timing of the payments at issue made following a compression in payment terms on the eve of the preference period.

2. Whether the Bankruptcy Court erred when it concluded that the allegedly preferential payments were made according to ordinary business terms pursuant to 11 U.S.C. § 547(c)(2)(C) despite uncontroverted evidence that 60 day terms were predominant in the fine jewelry industry and that there were no financially sound retail companies comparable to Wards during the preference period that transacted business on 30 day terms.

---

[1] The changes to the "ordinary course of business" defense codified under 11 U.S.C. § 547(c)(2) as made by the Bankruptcy Abuse Prevention and Consumer Protection Action of 2005 ("BAPCPA") are not at issue in this appeal because the new statutory provisions only apply to bankruptcy cases filed on or after October 17, 2005.

3. Whether the Bankruptcy Court erred when without prior notice to Wards, it expanded the scope of the consolidated trial that was to be limited to the objective element of the ordinary course of business defense under 11 U.S.C. § 547(c)(2)(C) by considering irrelevant evidence introduced by OTC and other jewelry vendors concerning Wards' financial condition, an element that only pertained to Wards' *prima facie* case regarding Wards' insolvency under 11 U.S.C. § 547(b)(3), which element OTC subsequently conceded.

4. Whether the Bankruptcy Court erred in finding that Wards was not moribund and not on a slide into bankruptcy when the credit terms were renegotiated simply because Wards did not exhibit or indicate to its creditors that it was in financial distress, which finding was central to the Bankruptcy Court's determination regarding OTC's ordinary course of business defense under 11 U.S.C. § 547(c)(2)(B) and (C).

Dated:  September 28, 2006

/s/ Daniel B. Butz

Donna L. Culver, DE SBN 2983
Derek C. Abbott, DE SBN 3376
Daniel B. Butz, DE SBN 4227
Thomas F. Driscoll, III, Esq.
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
**Telephone:** (302) 658-9200   **Fax:** (302) 658-3989

and

Joseph L. Steinfeld, Jr., DC SBN 297101, MN SBN 0266292, VA SBN 18666
Karen M. Scheibe, MN SBN 0300469, ND SBN 05683, SD SBN 1912
A·S·K FINANCIAL LLP
2600 Eagan Woods Drive, Suite 220
Eagan, MN  55121
**Telephone:** (651) 406-9665  ext. 861   **Fax:** (651) 406-9676

Attorneys For Plaintiff, Montgomery Ward, LLC, et al., Debtor in Possession